

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ELAINE L. CHAO, Secretary of Labor,  )
United States Department of Labor,    )
                                       )
            Plaintiff,                 )
                                       )
    vs.                                )   No. 05 C 3812
                                       )
MICHAEL LINDER, et al.,                )
                                       )
            Defendants.                )

## MEMORANDUM OPINION AND ORDER

The Secretary of Labor renews her two motions for summary judgment against defendant Fred Schreier. This court previously denied those motions in order to permit Schreier to engage in discovery regarding his defense of the statute of limitations. *See* Chao v. Linder, 41 Employee Benefits Cas. (BNA) 2278, 2007 U.S. Dist. LEXIS 40425 (N.D. Ill. 2007). Defendant Schreier completed this discovery but this court was not provided with any evidence to support his statute of limitation defense. For the following reasons, we now grant the Secretary's first motion for summary judgment against defendant Schreier, and deny her second motion.

## BACKGROUND

The background and history of this case is long and complex, and has been sufficiently stated in our earlier summary judgment ruling. Linder, 2007 U.S. Dist. LEXIS 40425. The relevant facts are taken directly from Schreier's plea agreement, his answer to interrogatories, his declaration and his complaint against Linder and JAA.

Defendant was a trustee and thus a fiduciary within the meaning of ERISA, to the

Machine Erectors Local 136 Union (the Local 136 plans) from 1980 to 2005 (Sec. Motion I, Exh. C at 5; Exh. K-2 at 3). JAA was an Illinois corporation owned and operated by Michael Linder, that provided benefit plan services to the funds in exchange for fees (Exh. K-2 at 4). In 1997, Linder recommended that the Local 136 plans select Nationwide as the company in which to invest their funds (Sec. Motion II, Exh. D at 6). In October 1997 the trustees followed Linder's advice and selected Nationwide for the plans' investments (*id.*). In approximately 1998, Linder discussed with the trustees fees that would be paid to JAA from Nationwide as a result of the plans' investments (Sec. Motion II, Exh. B at 2). The trustees, including Schreier, approved the fee structure disclosed by Linder (*id.*). On December 23, 1998, Linder, through JAA, purchased a 1999 Harley Davidson motorcycle for $19,060. (Sec. Motion I, Exh. K-2 at 4). On or about January 4, 1999, Linder gave the motorcycle to defendant "as a gift or thing of value...because of defendant's actions, decisions, and other duties relating to questions and matters concerning" the plans of which defendant was a trustee (*id.*; Def. Ans. at 5).

As also noted in our earlier order, the Secretary failed to respond to, or move to strike, Schreier's statement of additional material facts, and thus those facts are deemed admitted. Of relevance is the fact that Schreier did not know of the illegal conduct of Linder and JAA, or the improper fees paid to them. He always questioned Linder's suggestions and voted independently, according to his conscience and often contrary to the wishes of Linder. Further, Schreier was never influenced by his acceptance of the motorcycle, never took steps to encourage the other trustees to adopt Linder's suggestions and instead encouraged them to question and investigate the propriety of Linder's actions. Finally, Schreier was the impetus behind the investigation that led to criminal charges and a civil case against Linder.

## ANALYSIS

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Pro. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (U.S. 1986). We must evaluate admissible evidence in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

We need not engage in an in-depth analysis regarding the Secretary's first motion for summary judgment. We adopt the analysis of our first order regarding that motion, which held that Schreier violated ERISA §§ 404(a)(1)(A) and 406(b)(3) by accepting the motorcycle from Linder, regardless of his intentions or understanding of the purpose of the gift. Linder, 2007 U.S. Dist. LEXIS 40425, *26.

However, we deny the Secretary's second motion for summary judgment, which we assume pertains to the allegations against Schreier contained in Count I of the second-amended complaint.[1] ERISA § 404(a)(1) generally subjects defendant to a "prudent man" standard with respect to the plans. The Secretary alleges a violation of subsection (A) of this standard, which states:

> [A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries of the plan and
>     (A) for the exclusive purpose of:
>         (I) providing benefits to the participants and their beneficiaries; and
>         (ii) defraying reasonable expenses of administering the plan

---

[1] In her motion, the Secretary does not delineate upon which count she is seeking summary judgment, but the subject matter of her motion appears to correlate to the allegations against Schreier in Count I.

Section 404(a)(1)(A) is known as "the duty of loyalty," while § 404(a)(1)(B), the violation of which the Secretary does not allege, is known as "the duty of care." Chao v. Crouse, 346 F. Supp. 2d 975, 989 n.6 (S.D. Ind. 2004). In order to support a claim for a violation of § 404(a)(1)(A), the Secretary must show that defendant, acting as a fiduciary, took some action adverse to the interests of the plans. Pegram v. Herdrich, 530 U.S. 211, 226 (2000). A finding of harm to the plans is not necessary. Leigh v. Engle, 27 F.2d 113 (7th Cir. 1984); Mira v. Nuclear Measurements Corp., 107 F.3d 466 (7th Cir. 1997). The first element is undisputed – defendant admits he was a fiduciary to the plans within the scope of ERISA. As to the second element, the Secretary argues that Schreier approved the fee arrangement "on or about the same time" he received the motorcycle from Linder, which, she argues, demonstrates that Schreier breached his duty of loyalty by not acting with "an eye single" to the interests of the plans and their participants.[2] Yet the evidence the Secretary points to does not support this conclusion as a matter of law.

It is undisputed that Schreier approved the fees of Linder and JAA, as did all of the other plan trustees. It is also undisputable that Schreier pled guilty to receiving the motorcycle "because of" his actions with respect to the plans. However, according to the Secretary's allegations, Schreier approved the Nationwide fees sometime in 1998, but received the motorcycle in January 1999. Furthermore, the undisputed facts show that Schreier had no knowledge of Linder's illicit business practices, thus raising an issue of fact as to whether Schreier acted adversely to the interests of the plan at the time he approved the fees.[3]

---

[2] Interestingly, in her reply brief the Secretary asserts that she does not rely on defendant's receipt of the motorcycle to support her claim that he breached his duty of loyalty to the plans in approving the fees.

[3] Even assuming that defendant's receipt of the motorcycle would be sufficient to infer his knowledge of Linder's illicit activities (a fact we do not assume because the Secretary failed to respond to defendant's

We distinguish our earlier holding that defendant breached his duty of loyalty by accepting the motorcycle because under § 406(b)(3) defendant engaged in a *per se* prohibited transaction, thus automatically violating his duty of loyalty to the plans. Here, in contrast, defendant's action of approving the fees prior to accepting the motorcycle cannot, without more, be considered a breach of loyalty as a matter of law, even though the fees were unreasonable and/or illegal and harmed the plan, because there is a question of fact as to his intent at the time of approval.[4] Since a genuine issue of material fact exists, the Secretary's second motion for summary judgement must be denied. *See* Weaver v. Mobile Diagnostech, Inc., No. 02-1719, 2007 U.S. Dist. Lexis 45777, *4 n.3 (W.D. Pa. 2007) (collecting cases holding that questions of intent of breach of fiduciary duty best left to trier of facts).

## CONCLUSION

For the foregoing reasons, we grant the Secretary's first motion for summary judgment and deny her second motion.

                                                                                                    JAMES B. MORAN
                                                                                                    Senior Judge, U. S. District Court

Nov. 15, 2007.

---

statement of material facts), it still remains that Schreier is accused of having approved these fees prior to receiving the motorcycle, and the Secretary has adduced no evidence that Schreier knew of the motorcycle before approving the fees.

[4] Since the Secretary has not asserted a violation of § 404(a)(1)(B), Schreier's duty of care is not at issue here.